# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANDREW M. OBRIECHT,**
    **Plaintiff,**

    v.                                                          Case No. 13-CV-0642

**EDWARD WALL,**
    **Defendant,**

## DECISION AND ORDER

On March 31, 2014, I entered an order screening plaintiff's complaint. He has filed several motions that are now before me.

On April 9, 2014, plaintiff filed a motion to amend/correct a judgment. This motion is really a request that I reconsider my dismissal of some of plaintiff's claims at screening.

Plaintiff says his motion is under Federal Rule of Civil Procedure 59(e), but Rule 59(e) only applies after judgment has been entered. What plaintiff is really asking is for me reconsider my decision under Rule 54(b), which states that:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Motions to reconsider (or more formally, to revise) an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e): to correct manifest errors of law or fact or to present newly discovered evidence. Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987) (quoting Keene Corp. v. Int'l Fid. Ins. Co., 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir.

1984) (citation and footnote omitted)), amended by, 835 F.2d 710 (7th Cir. 1987). Compare Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996) (providing nearly identical standard for motion under Rule 59(e)).

Plaintiff argues that I made a manifest error of law when I dismissed some of his claims because they should have been presented as a petition for writ of habeas corpus under 28 U.S.C. § 2254. He submits that his situation is distinguishable from Williams v. Wisconsin, 336 F.3d 579 (7th Cir. 2003), and Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), because he is no longer on parole and therefore cannot challenge the rules that violated his constitutional rights via a petition for writ of habeas corpus. He also maintains that he is not seeking only money damages and therefore Heck does not apply to his claims for declaratory and injunctive relief.

In Blackmon v. Hamblin, 436 Fed. Appx. 632, 633 (7th Cir. 2011), the Seventh Circuit confirmed that a plaintiff must file a petition for a writ of habeas corpus to challenge the constitutionality of a parole condition, even after parole has been revoked. In that case, Blackmon was ordered back to prison because he refused to obtain a psychological evaluation. Id. He then filed a § 1983 action claiming that forcing him to seek a psychological evaluation amounted to cruel and unusual punishment. Id. The Seventh Circuit affirmed the district court's dismissal of the complaint and stated: "If Blackmon wanted to challenge the constitutionality of Wisconsin's requiring him to obtain a psychological evaluation, then he should have filed a petition for a writ of habeas corpus." Id.

Plaintiff claims that because he is no longer on parole and subject to those conditions, he cannot challenge the rules via § 2254 and, therefore, Heck should not bar

2

his claims for damages. In Burd v. Sessler, the Seventh Circuit addressed the question of whether the plaintiff could seek damages against defendants in their individual capacities despite Heck's favorable termination requirement. 702 F.3d 429, 431-32 (7th Cir. 2012). The court had previously "held that, where a plaintiff cannot obtain collateral relief to satisfy Heck's favorable termination requirement, his action may proceed under § 1983 without running afoul of Heck." Id. at 435. This applies to situations when collateral relief is not available. Nevertheless,

> Heck applies where a § 1983 plaintiff could have sought collateral relief at an earlier time but declined the opportunity and waited until collateral relief became unavailable before suing. Permitting a plaintiff who ignored his opportunity to seek collateral relief while incarcerated to skirt the Heck bar simply by waiting to bring a § 1983 claim until habeas is no longer available undermines Heck and is a far cry from the concerns, as we understand them, of the concurring Justices in Spencer for those individuals who were precluded by a legal impediment from bringing an action for collateral relief.

Id. at 436 (citations omitted) (emphasis in original). Plaintiff's complaint contained no suggestion that an impediment prevented him from seeking collateral relief while he was on parole.

Finally, plaintiff says he also wants injunctive relief, declaratory judgment, and permanent injunctions and suggests that, unlike damages, those types of relief are not barred under Heck. But plaintiff's claims relate to his parole conditions in 2011 (i.e., the removal of certain parole conditions and compensation for their imposition), and any claim for injunctive relief is moot because plaintiff's parole was revoked before he filed this action. Lehn v. Holmes, 364 F.3d 862, 871 (7th Cir. 2004); Higgason v. Farley, 83 F.3d 807, 811 (7th Cir. 1996).

3

Plaintiff has not presented newly discovered evidence nor has he shown that the court's March 31, 2014, Decision and Order contained a manifest error of law. Therefore, I will deny plaintiff's motion to alter or amend a judgment.

Next, plaintiff has renewed his motion for the appointment of counsel. Once again, plaintiff has satisfied the threshold requirement. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). And once agin, I must consider "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013) (citing Pruitt, 503 F.3d at 655). This inquiry focuses not only the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." Id.

With his motion, plaintiff submitted a letter from Attorney Jim Walrath analyzing plaintiff's ex post facto claim, what discovery may be necessary, and what plaintiff will need to prove in light of Mueller v. Raemisch, 740 F.3d 1128 (7th Cir. 2014). Attorney Walrath indicated that he might be willing to represent plaintiff pro bono if he could be recruited by the court and be able to access the court's Pro Bono Fund to defray discovery costs.

Despite this analysis, I consider plaintiff competent to litigate this case himself. He has presented clear and articulate filings, including detailed motions that analyze case law and apply the law to the facts of his case. Plaintiff has even received guidance from an attorney regarding what he needs to prove and what he needs to do in discovery. I note that plaintiff is out of custody and, as such, is much better able to conduct discovery than if he was incarcerated. For these reasons, I will deny without prejudice plaintiff's motion to appoint counsel.

Finally, plaintiff has filed a motion seeking an extension of time to respond to defendant's answer. No such response is required; this motion is moot.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to amend/correct a judgment (Docket #11) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #15) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time (Docket #17) is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge